**GUY v. UTECHT, Warden.**

District Court, D. Minnesota,
Fourth Division.
Feb. 23, 1944.

Arthur Le Sueur, of Minneapolis, Minn., for petitioner.

## NORDBYE, District Judge.

There has been presented to me, one of the judges of this court, an application for a writ of habeas corpus in the above proceeding. The reasons which have prompted me to deny the application and dismiss the petition without hearing are as follows:

The jurisdiction of this court is sought to be invoked because it is contended by the petitioner that his incarceration in the Minnesota State Penitentiary is in violation of the Fourteenth Amendment to the Constitution of the United States. It appears that on December 12, 1929, petitioner was convicted of bank robbery and was sentenced to life imprisonment in the State Penitentiary at Stillwater, Minnesota. He contends in his petition herein that, by order of the Board of Pardons of the State of Minnesota, on December 14, 1936, he was released from the penitentiary by an unconditional commutation of his sentence; that thereby his sentence was absolutely terminated. He further alleges that thereafter and on February 16, 1940, the Board of Pardons of the State of Minnesota, without notice, assumed to annul said termination of his sentence and ordered his reincarceration; that he is now confined in the Minnesota State Penitentiary in pursuance of the order of said Board of Pardons. He asserts that the action of the Board of Pardons in returning him to the State Prison to serve the remainder of his sentence was in violation of the Fourteenth Amendment to the United States Constitution, in that no notice of hearing and no hearing before the Pardon Board was afforded petitioner so that he might defend himself against the charges which were made against him and upon which the Board of Pardons assumed to determine that the conditions of his commutation had been violated, and which resulted in the order for his return to prison. In addition, it is claimed that the Fourteenth Amendment is violated because the Board of Pardons was without authority to revoke the commutation of December 14, 1936.

It is made to appear in his petition herein that on December 22, 1942, he made an application for writ of habeas corpus to the District Court of Washington County, Minnesota. The trial court first ordered a discharge of the petitioner, but, upon rehearing, the court discharged the writ and remanded the petitioner to the custody of the Warden to serve the remainder of his sentence. An appeal was taken to the Supreme Court of Minnesota. On August 25, 1943, an order of reference was made by that court appointing the same trial judge as referee to take further evidence. Then the matter came before the Supreme Court de novo upon the evidence taken at the hearings before the trial judge and the referee. On December 24, 1943, the Supreme Court filed its decision affirming the order of the trial court in discharging the writ. Guy v. Utecht, Warden, 12 N.W.2d 753. The Supreme Court found and held that a conditional commutation had been issued to the petitioner, conditioned upon his leading a law-abiding life and in the event of the breach of this condition, the Pardon Board reserved the right to revoke the commutation. It further held that these conditions were in the commutation when it was executed by the Pardon Board and accepted by the petitioner. The court also held that, under such a reservation, the Pardon Board was authorized to revoke the commutation without notice and hearing, and in so doing the rights of the petitioner under the Fourteenth Amendment were not violated. The court further held, however, that the two hearings afforded the petitioner before the trial court satisfied all the requirements of due process. It may be noted that at such hearings, that is, at the hearing before the State trial court, it appeared that on November 27, 1939, the petitioner was involved in a burglary in which he was shot while attempting to escape. The evidence further established that in February, 1940, the petitioner was involved in a robbery and that on that occasion he drove the automobile used in carrying out the crime and shared in the proceeds of the loot which was obtained. Although at the hearings before the State trial judge, petitioner was afforded an opportunity to refute these charges, he did not do so. The Supreme Court of Minnesota found that the evidence conclusively established that he had failed to lead a law-abiding life since the conditional commutation was granted.

In view of this decision of the Supreme Court of Minnesota, it follows that the fact that a conditional commutation was granted to the petitioner on December 14, 1936, has been finally determined, and the contention asserted by the petitioner that the action of the Pardon Board of that date resulted in an absolute and unconditional commutation of his sentence, has not been sustained. Obviously, this court has no jurisdiction, therefore, to reconsider that question. Consequently, we commence with the premise that a conditional commutation was granted by the Pardon Board.

The only Federal question presented is whether the revocation of the conditional pardon without a hearing before the Pardon Board constituted a violation of the petitioner's rights under the due process clause of the Federal Constitution. The Supreme Court of Minnesota has held contrary to the petitioner's position and it seems evident that if there is any substance to petitioner's position as to the necessity of a hearing before the Pardon Board, his rights as held by that court under the due process clause of the Constitution have been fully protected and satisfied by affording him a hearing before a State court of competent jurisdiction in pursuance of his application for a writ of habeas corpus. The Supreme Court of Minnesota on a hearing de novo has found that the petitioner's conditional commutation was violated and that this fact appears conclusively. Not only was the showing in this regard uncontroverted, but even in this petition which is now presented to this court, there is an utter absence of any allegation or contention that if a hearing was granted by the Board of Pardons or by this court, he could demonstrate that he had led a law-abiding life since his release in 1936. He does not attempt to deny, in the petition before this court, the burglary in 1939 or the robbery in February, 1940.

The right to inquire by a writ of habeas corpus in the United States courts into the detention of one detained by State authority is not absolute. As stated in the recent decision of the United States Supreme Court in Ex parte Hawk, 64 S.Ct. 448, page 450:

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted."

"Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily reexamine upon writ of habeas corpus the questions thus adjudicated."

And further:

"But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see Mooney v. Holohan, supra, 294 U.S. [103] 115, 55 S.Ct. [340], 343, 79 L.Ed. 791, 98 A.L.R. 406, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, cf. Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543; Ex parte Davis, 318 U.S. 412, 63 S. Ct. 679 [87 L.Ed. 868], a federal court should entertain his petition for habeas corpus, else he would be remediless."

Applying these principles to the present proceeding, it should be observed, first, that the remedies afforded by the State of Minnesota for the protection of all of the constitutional rights, State and Federal, of the petitioner are full, fair and adequate, and second, that the petitioner has failed to avail himself of his right to apply to the United States Supreme Court for a writ of certiorari to the Supreme Court of Minnesota in the case of Guy v. Utecht, decided by the Supreme Court of Minnesota on December 24, 1943. The time to apply for such a writ has not expired.

It follows, therefore, that the application for a writ of habeas corpus must be denied, and the petition is dismissed.

An exception is reserved to the petitioner.