## EARL GUY v. L. F. UTECHT.[1,2]

June 10, 1949.

No. 34,977.

See, Guy v. Utecht, 216 Minn. 255, 12 N. W. (2d) 753.

Arthur LeSueur and David R. Landau, for appellant.

J. A. A. Burnquist, Attorney General, Ralph A. Stone, Assistant Attorney General, and Howard T. Van Lear, Assistant County Attorney, Hennepin County, for respondent.

MAGNEY, JUSTICE.

On January 24, 1949, appellant filed a petition for writ of habeas corpus in the district court for Washington county. On the same day, the court issued an order to respondent to show cause why the writ should not issue. Respondent made return to the order to show

---

[1]Reported in 38 N. W. (2d) 59.

[2]Certified to United States Supreme Court September 1, 1949.

cause. After hearing, the petition for the writ was denied and the order to show cause discharged. The petitioner appeals.

■ We considered the questions raised in this appeal in Guy v. Utecht, 216 Minn. 255, 12 N. W. (2d) 753. The writ was there discharged and appellant, the prisoner, remanded to the state prison. Appellant has incorporated in his petition for a writ the entire record which was before us in the prior action. As all the facts, except such as will be hereinafter indicated, are detailed in the former opinion, it is unnecessary to set them out here.

This matter has also been before the federal courts, with the same result. Guy v. Utecht (D. C.) 54 F. Supp. 287; Guy v. Utecht (8 Cir.) 144 F. (2d) 913.

The only new documentary evidence presented to the court at the hearing on the order to show cause was a copy of a notice sent by the clerk of the board of pardons notifying appellant that his sentence had been commuted. Petitioner's exhibit A. It was a form card, and said nothing about any conditions attached to the commutation. Apparently such card was sent to every prisoner whose sentence was commuted. It was claimed that appellant was unable to produce it in the first action because it had been mislaid and just recently found. The card adds nothing to appellant's rights. By this card, he is again attempting to attack collaterally the original commutation on file in the governor's office, which contains the conditions on which the commutation was granted, and the clause reserving to the pardon board the right to determine whether a condition had been broken, both set out in full in Guy v. Utecht, *supra*. We held in the prior action that the record of a pardon kept in the governor's office pursuant to M. S. A. 638.07 is an original record and cannot be collaterally attacked.

At the hearing on the order to show cause, appellant called one Louise Jefferson, who in 1936, when the commutation was granted, was a stenographer in the office of the secretary of the board of pardons. Appellant contends that her testimony substantiates his claim that the rubber stamp which conditioned the commutation was affixed at the state prison and not in the office of the board of

pardons. Her testimony does not bear out appellant's contention. A reading of it clearly so demonstrates.

■ In 1942, a writ of habeas corpus was issued in this matter. It was first heard in the district court. At that time a trial *de novo* was had in this court, resulting in a discharge of the writ as already stated. The matter is here again on the same set of material facts. In State ex rel. DuFault v. Utecht, 220 Minn. 431, 19 N. W. (2d) 706, 161 A. L. R. 1316, we held that the basis of the common-law doctrine permitting a renewal of the petition for habeas corpus on the same set of facts no longer exists, and that the doctrine of *res judicata* applies.

In our opinion, the trial court did not err in denying the petition for the writ of habeas corpus and discharging the order to show cause.

Affirmed.

Mr. Justice Peterson took no part in the consideration or decision of this case.