STATE EX REL. HAROLD GENE PINKERMAN v.
L. F. UTECHT.[1]

June 9, 1950.

No. 35,243.

*Harold Gene Pinkerman*, pro se.

*J. A. A. Burnquist*, Attorney General, and *Ralph A. Stone* and *Charles E. Houston*, Assistant Attorneys General, for respondent.

PER CURIAM.

Petitioner appeals from an order denying his petition for a writ of habeas corpus.

The petition sets forth that on October 8, 1943, an information was filed in the office of the clerk of the district court of Hennepin county charging petitioner with the crime of burglary in the third degree, and that on October 12, 1943, petitioner duly entered a plea of guilty as charged. Thereafter, on October 12, 1943, an information was filed charging petitioner with three prior convictions. Specifically, the information stated that on or about Jan-

---

[1]Reported in 43 N. W. (2d) 97.

uary 27, 1933, petitioner was duly convicted of breaking and entering in the district court of Boyd county, Lynch, Nebraska; that on or about April 17, 1935, he was duly convicted of the charge of grand larceny in the district court of Dawes county, Chadron, Nebraska; and that on or about December 13, 1937, he was duly convicted of burglary in the second degree in the district court of King county, Renton, Washington. In each instance, he was sentenced to a term of years. Petitioner duly entered a plea of guilty to the prior convictions. October 12, 1943, the district court of Hennepin county pronounced sentence and entered judgment, confining petitioner at hard labor in the state prison at Stillwater for a term of not to exceed 10 years.

■ The contention of petitioner is that, because no statement appears either in the minutes of the conviction and sentence or in the judgment itself as to what substance the three prior convictions consisted of, the judgment of conviction is void upon its face and that the trial court lacked jurisdiction to pronounce and impose it. The contention is without merit. In ascertaining a jurisdictional fact, the court will pursue its inquiry through the record of the proceedings, and where the court is one of general jurisdiction habeas corpus can be invoked only where lack of jurisdiction appears *on the face of the record.* State ex rel. DuFault v. Utecht, 220 Minn. 431, 19 N. W. (2d) 706, 161 A. L. R. 1316, and cases cited therein. In the case at bar, the record discloses that the prior convictions were described in detail in the information; hence the judgment is valid.

■ The record also discloses that petitioner raised the question here presented in a previous application for a writ of habeas corpus. The writ was discharged on February 15, 1949, and no appeal was taken to this court. The issue is now *res judicata.* State ex rel. DuFault v. Utecht, 220 Minn. 431, 19 N. W. (2d) 706, 161 A. L. R. 1316; Guy v. Utecht, 229 Minn. 58, 38 N. W. (2d) 59, certiorari denied, 338 U. S. 905, 70 S. Ct. 307, 94 L. ed. ——.

Affirmed.