## STATE EX REL. SAM. JAMES PERKINS v. L. F. UTECHT.[1]

June 9, 1950.

No. 35,282.

*Sam. James Perkins, pro se.*

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for respondent.

PER CURIAM.

On February 2, 1948, an information was presented to the district court of Hennepin county charging petitioner with the crime of attempt to commit burglary in the third degree. Petitioner first entered a plea of not guilty thereto, but thereafter, on February 24, 1948, he withdrew such plea and entered a plea of "guilty as charged."

On March 9, 1948, an information charging petitioner with three prior felony convictions was presented and filed. Upon arraignment, he entered a plea of guilty thereto on that date. The information as to prior felony convictions set forth in detail the dates, venue, pleas of guilty, and sentences in connection with three separate convictions for burglary in the third degree.

---

[1]Reported in 43 N. W. (2d) 258.

The court thereupon adjudged petitioner guilty of the crime of attempt to commit burglary in the third degree and three prior convictions, and sentenced him to a term of not to exceed 15 years in the state prison. A warrant of commitment to the state prison was issued on March 9, 1948, and petitioner commenced serving his sentence as of that date. Copies of the informations above described, the minutes of the trial, pleas, conviction, judgment, and sentence were attached to the warrant of commitment, and all formed part of the judgment roll therein. Pursuant to said warrant of commitment, respondent now has custody of petitioner in the state prison. Petitioner was represented by counsel in all the described proceedings.

On March 18, 1950, petitioner filed a petition for a writ of habeas corpus in the district court of Washington county, claiming that he was illegally detained there in the state prison by respondent. Attached to his petition were the warrant of commitment, the minutes of conviction, and the sentence and judgment above described. In his petition he set forth that the trial judge was without statutory authority or jurisdiction to impose sentence for the crime of "Attempt to Commit Burglary in the Third Degree and three prior convictions"; that the judgment is defective on its face, in that it contains no statement or recital as to what, if any, the three prior convictions consisted of; that the maximum term of imprisonment for attempt to commit burglary in the third degree had been served by relator; and that hence he is being illegally held by respondent.

■ M. S. A. 631.40 provides:

"When judgment upon a conviction shall be rendered, the clerk shall enter the same upon the minutes, stating briefly the offense for which the conviction was had, and immediately annex together and file the following papers, which constitute the judgment roll:

"(1) A copy of the minutes of challenge interposed by the defendant to the panel of the grand jury, or to an individual grand juror, and the proceedings and decisions thereon;

"(2) The indictment and a copy of the minutes of the plea or demurrer;

"(3) A copy of the minutes of any challenge interposed to the panel of the trial jury or to an individual juror, and the proceedings and decisions thereon;

"(4) A copy of the minutes of the trial;

"(5) A copy of the minutes of the judgment;

"(6) The bill of exceptions, if there be one."

In the instant case, there was no challenge to the panel of the grand jury or to any individual grand juror; no challenge to the trial jury or to any individual juror thereon, and no bill of exceptions. Petitioner was not tried under an indictment, but rather upon informations. M. S. A. 628.30 provides that all statutory provisions applicable to trials under indictments shall apply with equal force to trials upon informations. The facts above described establish full compliance with § 631.40 with reference to the judgment roll and warrant of commitment.

■ It is the contention of petitioner that his plea of guilty to the specific charge of three prior convictions is ineffective, since it cannot be determined therefrom the nature of the prior convictions, and that such defects, being apparent on the judgment, are within the challenge of the present petition for a writ of habeas corpus under the rule set forth in Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535.

■ As a general rule, the trial court in pronouncing sentence must state the nature of the offense for which the prisoner has been convicted. This is to afford a defendant ample protection against a second prosecution for the same offense. The rule has been adopted in many jurisdictions that the description of the crime in a judgment is sufficient if, in connection with the record, it affords the defendant information sufficient to protect him against future prosecutions for the same offense. These authorities uniformly hold that any omission in the judgment may be supplied by reference to the rest of the record where it shows the crime with which defend-

ant is charged, and the proceedings thereon through trial, verdict, conviction, and sentence.

As stated in 15 Am. Jur., Criminal Law, § 445, notes 11 and 12:

"The failure of a judgment to state the offense, in violation of a criminal practice act requiring the clerk, upon entering a judgment of conviction, 'to state briefly the offense for which the conviction has been had,' does not render the judgment void *where the record shows that the prisoner was indicted for an offense within the jurisdiction of the court, was tried and convicted, and that the sentence imposed was one which the court had jurisdiction to pronounce for any offense of which he might have been convicted under the indictment.* Ex parte Gibson, 31 Cal. 619, 91 Am. Dec. 546.

"Annotation: 14 A. L. R. 992." (Italics supplied.)

State ex rel. Pinkerman v. Utecht, 231 Minn. 331, 43 N. W. (2d) 97.

The record here fully disclosed the nature of petitioner's prior convictions in the information filed, his plea thereto, his sentence thereon, and his warrant of commitment. The judgment roll being in compliance with statutory requirements, we hold that the judgment is not defective on its face, and that petitioner is not illegally detained by respondent.

Order affirmed.