STATE OF IOWA, appellee, v. JOHN DAWSON, appellant.

No. 48478.

(Reported in 63 N.W.2d 917)

APRIL 7, 1954.

W. T. McLaughlin, of Creston, for appellant.

Leo A. Hoegh, Attorney General, Raphael R. R. Dvorak,

Assistant Attorney General, and Arnold O. Kenyon, County Attorney, for appellee.

MULRONEY, J.—Defendant was found guilty of fishing without a license, by a justice court jury. After judgment of fine, he appealed to the district court where the jury again found him guilty and he now appeals from the judgment of $50 fine entered on that verdict..

I. Most of the errors alleged are based upon defendant's argument that McKinley Lake, where it was alleged defendant fished, was owned by the city of Creston and was not under the jurisdiction of the Iowa State Conservation Commission. Whether the State Conservation Commission had or had not any jurisdiction over McKinley Lake is immaterial. Defendant was convicted of violating section 110.1, Code, 1950, which provides in part: "Except as otherwise provided in this chapter, no person shall fish * * * without first procuring a license or certificate so to do * * *." The section goes on to provide fees for fishing licenses and other sections in the chapter set forth the exceptions. It is not argued defendant was within any of the statutory exceptions.

Defendant's argument confuses the jurisdiction which the State has taken, through its Conservation Commission, over certain waters in this State and the ownership of fish which have not been caught and reduced to possession. Without question all of the fish in this State, in a state of freedom, belong to the State of Iowa for the benefit of the people of Iowa and the State has exclusive jurisdiction to regulate or prohibit the appropriation of all of the fish in the waters of this State. 36 C. J. S., Fish, section 2; State v. Haug, 95 Iowa 413, 64 N.W. 398, 29 L. R. A. 390; Miller v. McLaughlin, 281 U. S. 261, 50 S. Ct. 296, 74 L. Ed. 840.

II. Complaint is made that the trial court refused to sustain a motion to dismiss based on the county attorney's failure to read the information at the start of the State's case. When this motion was made after the county attorney's opening statement the court apparently reserved ruling, for it appeared the justice of the peace had not complied with the statute by filing the information in the clerk's office after the appeal from the

judgment in his court. The State went ahead and introduced evidence without objection by the defendant. At the close of the State's evidence, by which time the justice of the peace had filed the information with the clerk, the county attorney was allowed to read the information to the jury. The incident was an irregularity which did not prejudice the defendant. A similar incident occurred in the trial of State v. Norton, 67 Iowa 641, 642, 25 N.W. 842, where the county attorney failed to read an indictment to the jury, and, at the close of the State's evidence when attention was called to the oversight by the motion to dismiss, the court permitted the county attorney to then read the indictment to the jury. In sustaining the trial court we said:

"But, in our opinion, the defendant's position cannot be sustained. Possibly, if the indictment had not been read at all, no conviction should have been allowed. *But it was read, and the only irregularity was in the time in which it was read.* That irregularity we think was waived by the defendant by his failure to interpose an objection to the introduction of evidence before it was read." (Italics supplied.)

III. The Fifty-fourth General Assembly, by its enactment of chapter 225, provided for including in the judgment entry the number of the particular section of the Code under which a defendant is sentenced. That was not done in this case. The defendant argues here, for the first time, that this omission constitutes reversible error. The statute is directory and no prejudice resulted by reason of the failure to include the Code section number under which the defendant was sentenced. The omission of the Code section number did not render the judgment invalid. It could have been corrected below if the court's attention had been called to the matter, or even now by a nunc pro tunc order if the correction is desired. 24 C. J. S., Criminal Law, section 1601; State ex rel. Perkins v. Utecht, 231 Minn. 339, 43 N.W.2d 258. The situation is somewhat like that which has existed under section 604.38, Code, 1950, wherein it is provided that the record of all proceedings of the court shall be signed by the judge. In numerous cases we have held the court's failure to sign the record does not affect the validity of the judgment. State v. Hiatt, 231 Iowa 643, 1 N.W.2d 736; State

v. Gardner, 245 Iowa 249, 262, 61 N.W.2d 458. In the last cited case (at page 258 of 245 Iowa) we also held a judgment which was indefinite as to the offense could be made definite by resort to the entire record. Here the information gave the Code section number of the statute defendant was accused of violating.— Affirmed.

All JUSTICES concur.