# IN THE COURT OF APPEALS OF IOWA

No. 16-0062
Filed August 31, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SAMMIE TREMAYNE WATTERS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

Defendant appeals following the revocation of his deferred judgment for delivery of methamphetamine. **AFFIRMED.**

Julie De Vries of De Vries Law Office, P.L.C., Centerville, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Sammie Watters appeals following the revocation of his deferred judgment for delivery of methamphetamine. We find the district court's failure to cite to the sentencing section of the Iowa Code and its failure to specifically list the criminal offense is not reversible error. Also, Watters has failed to show he received ineffective assistance of counsel because his attorney did not require the State to prove there had been a probation violation or require the court to follow all procedural requirements during the revocation hearing. We affirm the revocation of Watters's probation.

## I.    Background Facts & Proceedings

Watters entered a guilty plea to delivery of methamphetamine, in violation of Iowa Code section 124.401(1)(c)(6) (2015). The district court granted him a deferred judgment and placed him on probation for a period of three years. As special conditions of probation, Watters was required to abstain from all controlled substances, not associate with persons known to have a criminal record, actively seek and maintain full-time employment, and comply with a plan of restitution.

Less than two weeks later, on March 26, 2015, the State alleged Watters had violated his probation by testing positive for methamphetamine and marijuana and failing to appear for his probation intake meeting. At the revocation hearing, Watters stipulated he had violated his probation. The district court sentenced him to sixty days in the county jail for contempt and modified the terms of his probation to require placement in a residential correctional facility for

180 days after serving his contempt sentence. The court did not revoke his deferred judgment.

On September 8, 2015, the State alleged Watters had violated his probation while at the residential correctional facility (1) by "flipping" another resident out of a chair, (2) grabbing an officer by the shoulder, and (3) pushing another resident. Watters testified the first incident involved horseplay, he denied the second incident, and he admitted the third incident. The district court determined Watters had once again violated the conditions of his probation by incidents two and three. The district court found Watters in contempt and sentenced him to sixty days in jail, to then return to the residential correctional facility. Again, the court did not revoke his deferred judgment.

On November 18, 2015, the State alleged Watters had violated his probation by using methamphetamine. At the beginning of the probation revocation hearing, the district court asked Watters, "[A]re you admitting or denying the allegations contained in the report of violation?" and Watters replied, "I am admitting, Your Honor." The district court revoked the deferred judgment and sentenced Watters to a term of imprisonment not to exceed ten years, waiving the mandatory one-third minimum sentence. Watters now appeals.

## II. Sentencing Order

Watters claims the district court abused its discretion because the sentencing order did not cite to the sentencing section of the Iowa Code or specifically list the offense. Section 901.6 provides, "In every case in which judgment is entered, the court shall include in the judgment entry the number of

the particular section of the Code and the name of the offense under which the defendant is sentenced." In revoking probation, "[t]he trial court does not have to file an opinion or make conclusions of law, but due process requires written findings by the court showing the factual basis for the revocation." *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994).

The Iowa Supreme Court has determined section 901.6 is directory only and "noncompliance [does] not result in prejudice to the defendant." *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981); *see also State v. Dawson*, 63 N.W.2d 917, 918 (Iowa 1954) ("The statute is directory and no prejudice resulted by reason of the failure to include the code section under which the defendant was sentenced."). The omission of a code section number in a judgment does not render the judgment invalid. *Dawson*, 63 N.W.2d at 918. Noncompliance with section 901.6 is not reversible error. *See Victor*, 310 N.W.2d at 205. Therefore, we affirm Watters's sentence.

### III. Ineffective Assistance

Watters claims he received ineffective assistance from defense counsel. We review claims of ineffective assistance of counsel de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). A defendant must show (1) defense counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *Id.* A defendant must prove both prongs of a claim of ineffective assistance of counsel by a preponderance of evidence. *Id.*

**A.** Watters claims he received ineffective assistance because defense counsel did not require the State to prove he violated his probation. At the

beginning of the probation revocation hearing the court stated, "Mr. Watters, are you going—are you admitting or denying the allegations contained in the report of violation?" Watters stated, "I am admitting, Your Honor." The court pointed out Watters had the right to require the State to prove the probation violation, and Watters stated he still wanted to admit to the violation.

It is not clear from the record whether Watters's admission to the probation violation was at the recommendation of counsel. Even if defense counsel recommended admitting the violation, Watters has not shown defense counsel breached an essential duty. Watters stipulated to the first report of violation and admitted to one of the incidents in the second report of violation. In both instances he was able to keep his deferred judgment, and therefore, the strategy of admitting to the violation in this case seems reasonable. In a claim of ineffective assistance of counsel, "[w]e require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently." *State v. Gines*, 844 N.W.2d 437, 440–41 (Iowa 2014). We also find Watters has not shown he was prejudiced by counsel's performance; based on the November 18, 2015 report of violation, the State would have been able to show Watters violated his probation.

**B.** Watters also claims he received ineffective assistance because defense counsel did not require the court to follow all procedural requirements during the revocation hearing. He states there is an insufficient factual basis in the record to support the revocation of his probation.[1]

---

[1] Watters refers to his admission of the probation violation as a "guilty plea." "Because revocation is not a stage of criminal prosecution, the rules of criminal procedure do not

The court's findings revoking probation must show the factual basis for the revocation. *Rheuport v. State*, 238 N.W.2d 770, 775 (Iowa 1976). In lieu of written findings, the court's oral findings on the record may be sufficient if a reviewing court can determine the basis for the district court's decision. *State v. Kirby*, 622 N.W.2d 506, 509 (Iowa 2001). At the probation revocation hearing, the court noted the report of violation, and Watters admitted the allegations contained in the report. We determine there is a sufficient factual basis in the record to support the revocation of Watters's probation. We determine Watters has failed to show he received ineffective assistance of counsel.

We affirm the revocation of Watters's probation.

**AFFIRMED.**

---

apply and 'the proceedings can be informal, even summary.'" *Lillibridge*, 519 N.W.2d at 83. We determine his admission is not equivalent to a guilty plea.