IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF KENNEBEC, JUNE TERM, 1839.

*Mem.* A part of the Kennebec cases of this term were published in the last volume.

## JOHNSON LUNT *vs.* ALFRED HUNTER & al.

The right of regulating the fishery in rivers not navigable, having been exercised by the legislature long before the separation of this State from *Massachusetts*, and the common law right in the riparian proprietor having been made subject to the control and direction of the legislative power, before any restrictions were imposed on that power by the constitution of *Maine*; the constitution does not forbid the exercise of this right.

The statute of 1830, regulating the taking of fish in *Sebasticook River*, in the town of *Clinton*, is not unconstitutional.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

The action was debt, to recover a penalty incurred by taking fish, contrary to the provisions of "An act to regulate taking of fish, called salmon, shad and alewives, in the *Sebasticook River*, in the town of *Clinton*," passed in 1830. The plaintiff was duly authorized by the town of *Clinton* to take fish in that river during the spring and summer of 1835. The fish were taken by the defendants, *June* 3, 1835, by a seine, in the river in that town, near the shore where they owned the land, one of them standing on the shore and holding one end of the seine, and the other being on the river in a boat. Fish could not be taken at that place in any other manner. Since the law was passed, the defendants erected a dam above the place where the fish were taken, making a valuable priv-

ilege for fishing not existing before.   The land on both sides of the river was owned by individuals.   The town of *Clinton* chose a committee in *March,* 1835, to estimate the damages done to individuals by those authorized by the town to take fish, by passing over their land.   The Judge ruled, that the action could be supported on the facts ; and the defendants filed exceptions.

The case was submitted on the briefs of the Counsel.

*Boutelle,* for the defendants, argued in support of these propositions : —

1.  The defendants contend, that the law of 1830, on which this action is brought, is not constitutional.

2.  If constitutional for some purposes, it cannot be so considered in relation to the defendants.

He cited *Comins* v. *Bradbury,* 1 *Fairf.* 447 ;   *Boston & R. Mill Dam Cor.* v. *Newman,* 12 *Pick.* 467 ;  2 *Kent's Com.* 275 ;  *Coolidge* v. *Williams,* 4 *Mass. R.* 140 ;  *Commonwealth* v. *Chapin,* 5 *Pick.* 199.

There is no connexion between the *Mass.* act of 1814, and the act of 1830, and the latter cannot be aided by the former, but being on the same subject repeals it, if it existed before.

*Stark,* for the plaintiff, contended, that the act of 1830 was intended by the legislature to be in addition to and in extension of the act of 1814.   The law of 1830, independently of the law of 1814, is constitutional.   The owner of the land contiguous to the river has no greater rights than any other inhabitant of the town. *Vinton* v. *Welsh,* 9 *Pick.* 87 ;  *Stoughton* v. *Baker,* 4 *Mass. R.* 522 ;  *Burnham* v. *Webster,* 5 *Mass. R.* 266 ;  *Commonwealth* v. *McCurdy, ib.* 324 ;  *Com.* v. *Chapin,* 5 *Pick.* 199 ;  *Nickerson* v. *Brackett,* 10 *Mass. R.* 212 ;  *Commonwealth* v. *Wentworth,* 15 *Mass. R.* 188.

The case was continued, and the opinion of the Court afterwards drawn up by

SHEPLEY J. — The second section of the act of 1830, regulating the taking of fish in the town of *Clinton,* authorizes the plaintiff upon the facts agreed to maintain the action, unless the defendants are protected by being the owners of the land adjoining the river where the fish were taken.   By the common law, they would

have been entitled to a several fishery in that place; but the right of fishing was early regarded in *Massachusetts* as liable to be regulated and controlled by the legislature, and the individual right was not admitted against such right of legislation. This description of legislation seems to have been introduced from necessity, and for the sake of convenient regulation by common consent, before any constitutional restriction was placed upon the legislative power; and it was a part of our system of laws, when this State was separated from *Massachusetts.* *Vinton v. Welsh,* 9 *Pick.* 87. The defendants are not therefore justified in violating the law by shewing that the plaintiff could not fish in that place without trespassing upon them. All, which it is incumbent upon the plaintiff to establish, is a violation of the act by the defendants, and his right to prosecute for it.

It is not therefore necessary to decide whether the act of *June* 14, 1814, is in force and operative upon the rights of those interested; and no reason is perceived why it should not be so considered. And when there are several enactments relating to the same subject, the rights of those interested in it are to be collected from a consideration of the whole of the enactments.

*Exceptions overruled, and defendants to be defaulted.*