## STATE *v.* ROBERTS.

The right to have migratory fish pass in their accustomed course up and down rivers and streams is a public right, which may be regulated and protected by the legislature.

An owner of land on which is a natural trout-pond, which furnishes a supply of trout to other waters, is within the prohibition of *c.* 55, Laws of 1872.

INDICTMENT, for catching, killing, and destroying four trout from the waters of North pond in Stark, on the 4th day of February, 1878. It is conceded that the defendant took the fish as alleged in the indictment, and that he was then in possession of all the land surrounding the pond, claiming the pond as his estate, from which he had the right to take fish whenever he chose. It is claimed, on the part of the state, that there is an outlet connecting the pond with Ammonoosuc river, and that the communication is such that trout from the river run up into the pond, and from the pond to the river, and that fish bred in the pond supply the river; also that a brook empties into the pond, in which trout pass to and from the pond, and that trout are taken in this brook above the land claimed by the defendant. The defendant denies that there is any communication of the fish between the pond and the river and the brook.

*Ladd & Fletcher*, for the state, cited *Stoughton* v. *Baker*, 4 Mass. 522; *Burnham* v. *Webster*, 5 Mass. 266; *Waters* v. *Lilley*, 4 Pick. 145; *Commonwealth* v. *Chapin*, 5 Pick. 199; *Vinton* v. *Welsh*, 9 Pick. 87; *McFarlin* v. *Company*, 10 Cush. 304; *Commissioners* v. *Holyoke Water Power Co.*, 104 Mass. 446; *Commonwealth* v. *Look*, 108 Mass. 452; *People* v. *Reed*, 47 Barb. 235.

*W. & H. Heywood*, for the defendant, cited *Waters* v. *Lilley*, 4 Pick. 145; *Commonwealth* v. *Chapin*, 5 Pick. 199; 3 Kent Com. 414.

CLARK, J.   At common law the right of fishery in navigable waters was public and common to all, and in waters not navigable it was limited to the riparian owner of the soil, and belonged exclusively to him.   This right in the owner of the land must be regarded as qualified to a certain extent by the universal principle that all property is held subject to those general regulations which are necessary to the common good and general welfare, and to that extent it is subject to legislative control.   It is a well established principle, that every person shall so use and enjoy his own property, however absolute and unqualified his title, that his use of it shall not be injurious to the equal enjoyment of others having an equal right to the enjoyment of their property, nor injurious to the rights of the public.   Hence, while the riparian owner has the exclusive right of fishery upon his own land, he must so exercise that right as not to injure others in the enjoyment of a similar right upon their lands upon the stream above and below.   He must not, by means of dams or other artificial obstructions, prevent the passage of fish up and down the stream, nor can a prescriptive right to maintain such obstructions be acquired in any of the waters of this state.   Gen. St., c. 121, s. 19 ; State v. Franklin Falls Co., 49 N. H. 240.   The right to have migratory fish pass in their accustomed course up and down rivers and streams is a public right, which may be regulated and protected by the legislature, and, so far as the waters of this state are common passage-ways for fish, they are of a public character, and subject to legislative control.   The taking and killing of certain kinds of fish and game at certain seasons of the year tend to the destruction of the privilege by the destruction consequent upon the unrestrained exercise of the right. This is regarded as injurious to the community, and therefore it is within the authority of the legislature to impose restrictions and limitations upon the time and manner of taking fish and game considered valuable as articles of food or merchandise.   For this purpose fish and game laws are enacted.   The power to enact such laws was exercised previous to the adoption of the constitution, and it has been so long used, and so beneficially for the public, that it ought not now to be called in question.   Stoughton v. Baker, 4 Mass. 522 ; Commonwealth v. Ruggles, 10 Mass. 391 ; Commonwealth v. Vincent, 108 Mass. 441 ; Cottrill v. Myrick, 12 Me. 222 ; Lunt v. Hunter, 16 Me. 9 ; State v. Franklin Falls Co., 49 N. H. 240 ; Holyoke Co. v. Lyman, 15 Wall. 500.   But while the legislature has power to regulate and limit the time and manner of taking fish in waters which are public breeding-places or passage-ways for fish, it has not assumed to interfere with the privileges of the owners of private ponds having no communication through which fish are accustomed to pass to other waters.   Such ponds, whether natural or artificial, are regarded as private property, and the owners may take fish therefrom whenever they choose, without restraint from any legislative enactment, since the exercise of this right in

no way interferes with the rights of others.    The legislature protects the owners of such ponds in the enjoyment of their privileges (Gen. St., *c.* 251, *s.* 5), and they are expressly excepted from the statutory restrictions by the third section of the act upon which the indictment in this case is founded.

· The defendant is in possession, claiming the ownership of North pond.    There is no suggestion that the public have any rights in its waters other than as a breeding-place for the supply of fish to other streams, or a channel for their passage.    If, as the defendant claims, the trout are within his control, and there is no communication through which they can pass from the pond to other waters, the indictment cannot be maintained.    If, as is claimed in behalf of the state, there is free communication through which trout pass from the pond to the streams leading into it and to the Ammonoosuc river, the indictment can be maintained upon proof of those facts.

*Case discharged.*

Doe, C. J., did not sit: the others concurred.