MILLER *v.* McLAUGHLIN, SECRETARY OF THE DEPARTMENT OF AGRICULTURE OF NEBRASKA, ET AL.

No. 261.   Argued February 28, March 3, 1930.—Decided April 14 1930.

*Messrs. A. Henry Walter* and *Seymour L. Smith* for petitioner.

*Mr. C. A. Sorensen,* Attorney General of Nebraska, with whom *Mr. George W. Ayres,* Assistant Attorney General, was on the brief, for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The middle of the channel of the Missouri River is the boundary line between the States of Nebraska and Iowa. Act of April 19, 1864, c. 59, § 2, 13 Stat. 47; Act of August 4, 1846, c. 82, 9 Stat. 52. A Nebraska statute, prohibits the taking of "any fish except minnows from the waters within the state of Nebraska with nets, traps or seines," and made the possession of these unlawful "except as authorized by the Department of Agriculture." Laws of Nebraska (1927), c. 126, § 10, pp. 343–4. An Iowa statute provides: "It shall be lawful for any person to take from the Mississippi or Missouri rivers within the jurisdiction of this state any fish with nets or seines upon procuring from the state game warden an annual license for the use of such nets and seines." Code of Iowa (1927), § 1747.

Miller, a resident of Nebraska, brought this suit in a court of that State, on behalf of himself and others similarly situated, to enjoin the enforcement of the Nebraska statute. Its Secretary of the Department of Agriculture and Chief Game Warden were joined as defendants. Miller alleges that he has in his possession nets, traps and

seines purchased by him prior to the enactment of the law; that. they are used exclusively in taking fish from the Missouri River; that he plans to use them on the Iowa side; and that the defendants are threatening to prevent their use by enforcing the statute. He claims that, in the absence of concurrence by Iowa, Nebraska is powerless to prohibit the fishing, even in that part of the Missouri River which is within its own boundaries, because, on admitting Iowa into the Union, Congress had granted it "concurrent jurisdiction on . . . every . . . river bordering on the said State of Iowa, so far as the said river[s] shall form a common boundary to said State, and any other State . . ." Act of March 3, 1845, c. 48, § 3, 5 Stat. 742, 743. He asserts that, in any event, the prohibition of the mere possession of innocuous traps, nets and seines violates the Fourteenth Amendment. The trial court issued an injunction. The Supreme Court of the State reversed the decree and directed that the bill be dismissed, 118 Neb. 174. This Court granted a writ of certiorari, 280 U. S. 541.

The grant of concurrent jurisdiction to Iowa does not deprive Nebraska of power to legislate with respect to its own residents within its own territorial limits, *Nicoulin* v. *O'Brien*, 248 U. S. 113; compare *McGowan* v. *Columbia River Packers' Assn.*, 245 U. S. 352. While the two States have not concurred in this legislation, there is no conflict between them. Each has legislated only as to that part of the river which is within its own territorial limits. It is unnecessary to consider the questions which might arise if Nebraska undertook to prohibit the fishing on Iowa's part of the river, or if Miller were a citizen of Iowa and fished under an Iowa license. Compare *Nielsen* v. *Oregon*, 212 U. S. 315. Neither Miller, nor any of the persons in whose behalf he brought the suit, have licenses from Iowa; nor does it appear that they could obtain them.

The claim under the Fourteenth Amendment is also groundless. A State may regulate or prohibit fishing within its waters, *Manchester* v. *Massachusetts,* 139 U. S. 240; *Lawton* v. *Steele,* 152 U. S. 133; *Geer* v. *Connecticut,* 161 U. S. 519; and, for the proper enforcement of such statutes, may prohibit the possession within its borders of the special instruments of violation, regardless of the time of acquisition or the protestations of lawful intentions on the part of a particular possessor, *Barbour* v. *Georgia,* 249 U. S. 454; *Samuels* v. *McCurdy,* 267 U. S. 188; compare *Lawton* v. *Steele, supra; Silz* v. *Hesterberg,* 211 U. S. 31; *Miller* v. *Schoene,* 276 U. S. 272.

*Affirmed.*