(133 So. 736)

## WILLIAMS v. STATE.
### I Div. 944.

Court of Appeals of Alabama.
Feb. 10, 1931.

Rehearing Denied March 17, 1931.

Luther W. Maples, of Gulfport, Miss., for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of violating the terms of Code 1923, § 4078, which section reads as follows:

"No person who has not been a bona fide resident of the State of Alabama for one year, then passed, shall catch or attempt to catch any salt water shrimp, within the waters of the State of Alabama, or within the waters subject to the territorial jurisdiction

of said state, by the use of any seine or other device for the purpose of catching salt water shrimp."

Some testimony was offered on behalf of the state tending to show that appellant, at the time of his arrest, had "not been a bona fide resident of the State of Alabama for one year, then passed," and that he was at that time, in the place where he was arrested, catching, or attempting to catch, salt water shrimp, by the use of a seine or other device, etc. Also, that the place where appellant was arrested was "within the waters subject to the territorial jurisdiction of said State."

The above-mentioned testimony on the part of the state, coupled with that in denial, or refutation, thereof, offered on behalf of the appellant, made issues fit to be decided only by the jury.

Much is said in argument by able counsel, here repesenting appellant, about the testimony, even on behalf of the state, being insufficient to "prove beyond a reasonable doubt" the guilt of appellant. But since there was some evidence supporting the state's theory of the prosecution, and no motion made for a new trial, we are unable to review the jury's finding. Bentley v. State, 22 Ala. App. 101, 112 So. 810.

Attention is called to the statement in the opinion in the Bentley Case, supra, that "there was no request for the general charge or [nor] motion for a new trial," as a basis for the holding therein announced. That same condition prevails in the instant case. However, the real basis for our holding that we cannot review the evidence, and pass upon its sufficiency, vel non, to support the verdict returned, is because no motion for a new trial was made, and exception to the ruling thereon reserved and properly presented here. Merely requesting the general charge would not have raised the question, because said general charge would have been properly refused if there had been any evidence supporting the material allegations of the indictment. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

What we have said above seems to dispose of the contention of appellant most strongly argued by his distinguished counsel. True, the constitutionality of the Code section cited above is attacked in said argument, but the question thus raised is, in substance at least, decided adversely to his contention by the opinion of the Supreme Court of the United States in the case of Manchester v. Massachusetts, 139 U. S. 240, 11 S. Ct. 559, 35 L. Ed. 159, later cited, with approval, by the same court in the opinion in the case of Miller v. McLaughlin, 281 U. S. 261, 50 S. Ct. 296, 74 L. Ed. 840.

We find nowhere any prejudicial error, and the judgment of conviction is affirmed.

Affirmed.