Wolfeboro District Court,
No. 6084.

STATE *v.* G. EDWIN McCORMACK.

December 1, 1970.

*Warren B. Rudman,* Attorney General and *Henry F. Spaloss,* Assistant Attorney General ( *Mr. Spaloss* orally ), for the State.

*Wakefield & Ray* and *William H. Hopkins* ( *Mr. Hopkins* orally ), for the defendant.

*Richard F. Upton* ( by brief ), for the Pemigewasset Valley Fish and Game Club, Inc., as amicus curiae.

KENISON, C.J. The issue in this case is the constitutionality of rule 20 of the Fish and Game Department's Rules and Regulations. Rule 20, promulgated under the authority of RSA 206: 10-14, reads as follows: "The possession or use of corn, rice, metal or plastic or mineral flakes, while fishing, is prohibited." The defendant was prosecuted by the Fish and Game Department for violation of this rule. The first complaint charged him with using rice for the purpose of taking fresh water fish while fishing in Squam Lake, and the second complaint charged him with possessing rice while fishing in Squam Lake, both in violation of rule 20. By motion to dismiss the defendant challenged the constitutionality of this rule on the grounds that it was unconstitutionally vague and overbroad. *See* Note, The First Amendment Overbreadth Doctrine, 83 Harv. L. Rev. 844, 853 ( 1970 ); Note, The Void-for-Vagueness Doctrine in the Supreme Court, 109 U. Pa. L. Rev. 67 ( 1960 ). The Wolfeboro District Court ( *Thayer,* J. ) denied this motion but reserved and transferred to the supreme court all questions of law raised by the motion to dismiss pursuant to RSA 502-A:17-a.

The right of the State under its police power to conserve and protect its fish and game resources is not only mandated by statute ( RSA 206:10 ) but is a well-established common-law doctrine, both in this State and elsewhere. *State* v. *Roberts,* 59 N.H. 256 ( 1879 ); *State* v. *Dow,* 70 N.H. 286, 287, 47 A. 734 ( 1900 ); *Lawton* v. *Steele,* 152 U.S. 133, 136, 139, 38 L. Ed. 385, 388, 389, 14 S. Ct. 499, 500-01, 501-02 ( 1893 ); III Pound, Jurisprudence 305-06 ( 1959 ). A party attacking a Fish and Game regulation has the burden of proving that it is arbitrary or unreasonable. *See Musgrove* v. *Parker,* 84 N.H. 550, 153 A. 320 ( 1931 ); *State* v. *Cox,* 91 N.H. 137, 142, 16 A.2d 508, 512-13 ( 1940 ).

While there is no stenographic record of the evidence presented in the district court it appears from the reserved case and the briefs that the defendant contends that rule 20 of the Fish and Game regulations is indefinite and imprecise since the use of corn and rice is common and does not present a threat to the public welfare, safety or morals. The regulation is not directed against the camper, hiker or the photographer who uses or possesses corn, rice or flakes of mineral, plastic or metal. It appears

from the briefs that the reason for the regulation is that corn and rice are not digested by fresh water fish, and if swallowed by the fish may result in their destruction. The regulation is directed at those who are in possession of these prohibited articles "while fishing." This is a valid means of accomplishing the legitimate end of protecting the State's fish and game resources. *Maritime Packers* v. *Carpenter,* 99 N.H. 73, 105 A.2d 38 (1954); *Miller* v. *McLaughlin,* 281 U.S. 261, 74 L. Ed. 840, 50 S. Ct. 296 (1930).

We conclude the regulation is neither vague, overbroad nor arbitrary. The defendant's motion to dismiss the complaints was properly denied by the district court.

*Defendant's exception overruled.*

All concurred.