**STATE of Maine**

v.

**Sidney PINKHAM.**

Supreme Judicial Court of Maine.

March 3, 1980.

---

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

James S. Horton, Hall & DeSanctis, Julio DeSanctis (orally), Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

GODFREY, Justice.

Sidney Pinkham appeals from a conviction, after a jury trial, for criminal threatening, 17–A M.R.S.A. § 209 (Supp.1979). The only issue raised on appeal is whether the trial justice erred in determining that an eight-year-old child was competent to testify for the state. We deny the appeal.

Pinkham is the owner and operator of Pinkham's Trailer Court in Hudson, Maine. On January 20, 1979, two residents of the park were assisting a third resident in an effort to start his automobile, which was near the dooryard of Pinkham's trailer. The three testified that they were pushing the vehicle when Pinkham came out of his trailer with a gun and said:

If you don't get out of my trailer park right now, I'll blow your legs right off.

Pinkham's account of the incident was quite different.

The incident had been observed by an eight-year-old child. Before the state called her to testify, she was examined out of the presence of the jury by the state, the defense and the court. When the trial justice decided to admit her testimony, defense counsel objected to the finding that she was competent to testify. The child testified that she saw Pinkham point the gun at the three men and that Pinkham was angry.

██ Citing *State v. Samson*, Me., 388 A.2d 60, 64 (1978), the defendant argues that the judge did not determine whether the child was sufficiently mature to "receive accurate sense impressions, be able to recollect them correctly and have the capacity to relate a true version of impressions received".

Whether a person is competent to be a witness is now governed by the Maine Rules of Evidence. Rule 601(a), M.R.Evid., provides:

Every person is competent to be a witness except as otherwise provided in these rules.

Other provisions of the Rules of Evidence relevant here are Rule 602, requiring the witness to have personal knowledge of the matter testified to, and Rule 601(b), which provides in part as follows:

A person is disqualified to be a witness if the court finds that (a) the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the judge and jury . . . or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth. . . .

*Clause (a) of Rule 601(b)*

Pinkham's argument on appeal is based on the test for competency set forth in *State v. Samson, supra* at 64:

A child's competency to testify depends on a showing to the satisfaction of the trial justice that the proposed child witness is sufficiently mature (1) to understand questions and narrate answers intelligently, (2) to receive accurate impressions of facts by his senses, be able to recollect them correctly and have the capacity to relate a true version of the impressions received, (3) to have some

understanding of the difference between truth and falsehood.

Pinkham asserts that the presiding justice erred by omitting the second criterion in the *Samson* test when he stated that he would apply the following considerations in determining the child's competence to testify:

. . . number one, whether there is a general understanding of right or wrong, there is no special formula for that so long as the child in general terms does understand the distinction between what is right or what is wrong; and if that then is established, then secondly whether the child can testify intelligently and with some clarity of recollection about what the child is to testify about.

We find no error in the fact that the presiding justice did not track the precise wording of *Samson*. Although it was decided in 1978, the trial in *Samson* took place in 1975, before the Maine Rules of Evidence were promulgated. Rule 601 is now the controlling authority.

Under Clause (a) of Rule 601(b), the child need only be able to express herself "so as to be understood by the judge and jury". Whether she can "receive accurate impressions of facts", "recollect them correctly" and "relate a true version of the impressions received", are matters going to the credibility and weight of the testimony but not to her competency to be a witness. The criteria set forth by the presiding justice were sufficient to satisfy clause (a).

Of course, in deciding whether proffered testimony is admissible in a case of this sort, the trial justice may have to weigh considerations besides the competency of the person to be a witness. For example, the presiding justice has discretionary power to exclude testimony by a child or any other witness under Rule 403, M.R.Evid. Doubt as to a child's ability to perceive, remember and communicate an accurate account of events may be weighed by a presiding justice in deciding whether the probative value of the testimony is

substantially outweighed by the danger of unfair prejudice, confusion of the is-

sues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The defendant does not contend in the present case that the probative value of the child's testimony was outweighed by any of the considerations set forth in Rule 403.

The presiding justice examined the child at length on her memory of the incident. The record discloses no reason for finding that she was disqualified to be a witness.

### *Clause (b) of Rule 601(b)*

■ Pinkham also argues that the child witness did not understand what it means to tell the truth or to be under oath, *i. e.*, was "incapable of understanding the duty of a witness to tell the truth". (Clause (b) of Rule 601(b)). The child hesitated when first asked what it means to tell the truth and later said she didn't know. She also said she did not know what a lie is. Immediately afterward, however, she said that people who do not tell the truth get punished. The court concluded at first that the child did not know the difference between right and wrong. The state was then allowed further examination. The child responded to several examples, such as:

Q. If you told me you were five years old, would that be right or wrong?

A. Wrong.

Q. If you told me you were eight years old, would that be right or wrong?

A. Right.

Q. If you told me that you were four years old, would that be the truth?

A. No.

Q. If you told me that you were eight years old, would that be the truth?

A. Yes.

Examination by both the state and the court established that the child understood both the meaning of punishment for doing something wrong and her obligation to tell the truth about what she saw. After all that examination, the presiding justice determined that the child was competent to

testify. Pinkham argues that this was an abuse of discretion because the child's testimony clearly established that she did not know what it meant to tell the truth. We disagree. Although the witness apparently did not know what to say when she was first asked "What does it mean to tell the truth?", her answer to the subsequent questioning showed that her understanding was sufficient to enable her to testify. In *State v. Samson, supra* at 64, we upheld a similar determination based on "the totality of the voir dire". Here, the totality of the voir dire convinces us that there was no abuse of discretion, and the appeal must therefore be denied.

The entry is:

Appeal denied.

Judgment affirmed.

POMEROY and ARCHIBALD, JJ., did not sit.