**STATE of Maine**

v.

**Stephen GRAY.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1982.

Decided Feb. 9, 1982.

David M. Cox, Dist. Atty. Gary F. Thorne, Asst. Dist. Atty. (orally), Bangor, for plaintiff.

Libhart, Ferris, Dearborn, Willey & Ferm, N. Laurence Willey, Jr. (orally), Brewer, for defendant.

Before McKUSICK C. J., and GODFREY ROBERTS CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Appellant Stephen Gray was indicted for aggravated assault under 17–A M.R.S.A. § 208(1)(B) (Supp.1981).[1] He was convicted after a jury-waived trial in Superior Court, Penobscot County. He appeals, challenging the statute under which he was charged, the denial of a motion in limine to exclude the testimony of the six year old victim, and the sufficiency of the evidence. We deny the appeal.

From the evidence presented at trial the court would have been warranted in finding the following facts: Appellant lived with his girlfriend and her two children. When the adults conducted a fire drill in the home, one of the children, Leianna, age 6,

---

1. 17–A M.R.S.A. § 208(1)(B) (Supp.1981) provides:

 1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:

 B. Bodily injury to another with use of a dangerous weapon.

failed to respond. In order to show Leianna what heat was and that "it could really hurt you," appellant took her to the garage and passed the flame from a propane torch over her hand. When Leianna returned from the garage after some twenty to thirty minutes, she had sustained a second degree burn on her hand. Appellant was a plumber's assistant who worked regularly with a propane torch and inferentially was acquainted with the fact that the torch was capable of burning human skin.

■ Defendant's first argument on appeal is that 17–A M.R.S.A. § 2(9)(A) (Supp. 1981), the statute defining "use of a dangerous weapon," a term used in the aggravated assault statute, is ambiguous and thus void. Our cases have clearly set forth the test for determining if a statute is unconstitutionally vague:

> A criminal statute fails to give fair warning of its scope, in accordance with due process requirements, if "a person of ordinary intelligence" could not "reasonably understand" that it forbids the conduct for which he is criminally charged.

*State v. Flick*, Me., 425 A.2d 167, 174 (1981); *State v. Parker*, Me., 372 A.2d 570, 573 (1977). Although appellant asserts that Section 2(9)(A) is ambiguous on its face, we need not examine the facial validity of the statute and test its constitutionality in all conceivable factual contexts. *See United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960); *State v. Crocker*, Me., 435 A.2d 58 (1981) (Carter J. and Godfrey, J. concurring); *State v. Richardson*, Me., 285 A.2d 842, 846 (1972). Rather we will examine the sufficiency of the notice provided by this statute as applied in this case, that is, in light of the conduct with which appellant was charged. *See United States v. National Dairy Products Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–598, 9 L.Ed.2d 561 (1963); *State v. Richardson*, 285 A.2d at 846.

Section 2(9)(A) provides:

9. *Dangerous weapon.*

*A.* "Use of a dangerous weapon" means the use of a firearm or other weapon, device, instrument, material or substance, whether animate or inanimate, which, in the manner it is used or threatened to be used is capable of producing death or serious bodily injury.

There can be no doubt on the facts of this case that the legislature intended to punish conduct like that of appellant under Section 208(1)(B) and that defendant had adequate notice that such conduct was prohibited. Appellant passed the propane torch over Leianna's hand intending to show her that it could hurt her. Since a torch used with open flame to inflict pain is obviously capable of causing serious bodily injury,[2] appellant's conduct fits squarely within the definition of use of a dangerous weapon.

■ Appellant also asserts that Section 208(1)(B) is overly broad when read in conjunction with Section 2(9)(A) because an individual may be found guilty under Section 208(1)(B) if he causes mere *bodily injury* with the use of a dangerous weapon, while a dangerous weapon is one that must be capable of causing *serious bodily injury* in the manner used. We find no inconsistency in the statutory language, however. Under Section 208(1)(B) bodily injury and use of a dangerous weapon must be proved. Although a dangerous weapon is one that in the manner used is *capable* of causing serious bodily injury, proof that a dangerous weapon was used does not require proof that serious bodily injury actually occurred.

■ Although appellant moved in limine that the testimony of Leianna be excluded because she was incompetent to testify, after conducting a voir dire the presiding justice allowed the child to testify. Because the trial justice through first hand observation is in a much more favorable position to evaluate the competency of witnesses than an appellate tribunal, we will not disturb a trial court's determination on the issue of competency unless an abuse of discretion appears on the record. *State v. Emery*, Me., 434 A.2d 51, 52 (1981); *State v.*

---

**2.** Serious bodily injury is defined in pertinent part in 17–A M.R.S.A. § 2(23) as "serious, permanent disfigurement or loss or substantial impairment of . . . any bodily member."

*Vigue*, Me., 420 A.2d 242, 246 (1980). In the instant case, Leianna responded intelligently to questions posed by the court concerning her age and schooling. After initial hesitation, she also responded appropriately to questions asking whether certain statements were the truth and to questions concerning the desirability of telling the truth and the possible consequences of not telling the truth. Under M.R.Evid. 601(b) a person is incompetent to be a witness only if she is incapable of expressing herself so as to be understood by the trier of fact or if she is incapable of understanding the duty of a witness to tell the truth. Since the record shows Leianna's capability of doing both despite her young age, the trial court did not abuse its discretion in allowing her to testify. *State v. Goodrich*, Me., 432 A.2d 413, 416 (1981).

■ Appellant also asserts that Leianna should have been allowed to testify as to whether the incident in which she was burned was an accident. The presiding justice excluded the testimony, explaining: "I think to ask 'accident' or whatever may be beyond her." Even though the trial justice's ruling may have been erroneous on the grounds stated, *see Fowel v. Wood*, 62 A.2d 636 (D.C.Mun.App.1948), we need not address the issue. The error did not result in any harm to the appellant since it would have been within the discretion of the court to exclude the testimony under M.R.Evid. 701 as a lay opinion which would not have been helpful to a clear determination of a fact in issue.

■ Finally, appellant asserts that the evidence in this case was insufficient to support his conviction. Our examination of the record reveals that there is no merit in this contention.

The entry is:

Conviction affirmed.

Appeal denied.

All concurring.