STATE of Maine

v.

**Patrick JALBERT.**

Supreme Judicial Court of Maine.

Argued April 29, 1986.

Decided May 13, 1986.

John D. McElwee, Dist. Atty. (orally), Caribou, for plaintiff.

Marshall T. Cary (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.*

After a jury trial in Superior Court (Aroostook County) defendant Patrick Jalbert was convicted of two counts of endangering the welfare of a child, 17–A M.R.S.A. § 554 (1983), and two counts of furnishing liquor for a minor, 28 M.R.S.A. § 1058 (Pamph.1985–1986). On appeal defendant challenges the sufficiency of the evidence to support the jury verdict. Viewing the testimony of witnesses in the light most favorable to the State, the jury could rationally find beyond a reasonable doubt every element of the offenses charged. *See State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

The entry is:

Judgments affirmed.

All concurring.

STATE of Maine

v.

**Martin GREGOIRE.**

Supreme Judicial Court of Maine.

Argued April 30, 1986.

Decided May 20, 1986.

David W. Crook, Dist. Atty. (orally), Augusta, for plaintiff.

Lipman & Parks, P.A., David M. Lipman (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

Following a jury-waived trial in Superior Court (Kennebec County), the Defendant, Martin Gregoire, was convicted of gross sexual misconduct and unlawful sexual contact. The gravamen of his appeal is that the Superior Court failed to apply the appropriate standard to determine whether two very young witnesses were competent to testify for the State. Upon the promulgation of our Rules of Evidence, and beginning with *State v. Pinkham,* 411 A.2d 1021 (Me.1980), we have consistently recognized that M.R.Evid. 601(b) governs determinations as to the competency of witnesses to testify. *See State v. Gray,* 440 A.2d 1062, 1064–65 (Me.1982). Therefore, the Defendant's contention for applying here the earlier standard of competence is without merit.

Finding no abuse of discretion in the Superior Court's determination that these children were competent to testify against him, the entry must be:

Judgment affirmed.

All concurring.