STATE of Maine

v.

Shelly CROPLEY.

Supreme Judicial Court of Maine.

Argued May 3, 1988.
Decided July 13, 1988.

---

John D. McElwee (orally), Dist. Atty., Alan F. Harding, Asst. Dist. Atty., Caribou, for plaintiff.

Margaret Thompson (orally), Presque Isle, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Defendant Shelly Cropley appeals from an order of the Superior Court (Aroostook County) denying her appeal from two convictions for harassment (17–A M.R.S.A. § 506–A (1983)) rendered in the District Court (Presque Isle). On appeal, defendant challenges the constitutionality of the harassment statute. We find no constitutional infirmity in the statute but we vacate the second conviction on the basis of insufficient evidence.

I.

The relevant facts may be summarized as follows: On June 19, 1986, a state trooper informed defendant of a complaint against her for harassment, made by Kenna Prue, the present wife of defendant's former boyfriend. He warned her to have no further contact with Mrs. Prue, either verbal or otherwise, that was intended to harass or annoy. Subsequently, defendant was charged with harassment stemming from an incident occurring on or about July 4, 1986, when she made an obscene gesture and yelled vulgarities at Mrs. Prue. The District Court found defendant guilty. At the request of the State, the District Court continued sentencing for ninety days, and warned the parties that, in the meantime, they were not to communicate with each other and that if there were any violations by defendant, he would impose a jail sentence.

Shortly after the first trial, defendant began appearing regularly at Mrs. Prue's place of employment, a truck stop. Mrs. Prue testified that on October 22, 1986, Ms. Cropley entered the truck stop and sat at a table next to the table at which Mrs. Prue and her husband were sitting. Ms. Cropley

then stared at Mr. and Mrs. Prue, made weird and vulgar faces, talked about the Prues, and laughed. As a result of this incident, Ms. Cropley was subsequently charged with her second offense of harassment and again was found guilty. On the same day, the District Court sentenced defendant to two concurrent twenty-day sentences in the county jail for the two convictions of harassment. Defendant first appealed both convictions to the Superior Court and, when the appeals were denied, she then appealed to this Court.

## II.

We have never before considered whether 17–A M.R.S.A. § 506–A is unconstitutional. Section 506–A in pertinent part provides: "A person is guilty of harassment if, without reasonable cause, he engages in any course of conduct with the intent to harass, torment or threaten another person, after having been forbidden to do so by any sheriff, deputy sheriff, constable, police officer or notary public."

Preliminarily, we note that defendant has only preserved her attack on the constitutionality of the statute on one ground—namely, whether the statute violates the freedom of speech guaranteed by the first amendment of the United States Constitution. She has not properly preserved in the trial court her challenge that the statute violates her freedom of speech in violation of the Maine Constitution. *See State v. Thornton*, 485 A.2d 952 (Me.1984). Further, she has not preserved her arguments that the statute is unconstitutionally void for vagueness, that it is an unlawful delegation of legislative powers, or that it is otherwise a violation of her due process rights. We review the unpreserved challenges only for obvious error affecting substantial rights. *State v. Crocker*, 435 A.2d 58, 62 (Me.1981).

■ When reviewing a statute for its constitutionality, we begin with the basic principle of statutory construction that "this Court is bound to avoid an unconstitutional interpretation of a statute if a reasonable interpretation of the statute would satisfy constitutional requirements." *Bos-*

*sie v. State*, 488 A.2d 477, 479 (Me.1985). Because all acts of the Legislature are presumed to be constitutional, it is the person challenging the statute who has the burden to prove that it is invalid. *State v. Sylvain*, 344 A.2d 407, 408 (Me.1975).

Defendant argues that the harassment statute is facially unconstitutional because it is so overbroad that it includes speech protected by the first amendment of the United States Constitution and by article I, section 4 of the Maine Constitution. "A statute is overbroad 'if in its reach it prohibits constitutionally protected conduct.'" *State v. Events Intern., Inc.*, 528 A.2d 458, 461 (Me.1987). Generally, the challenging party must demonstrate that "the statute sweeps within its ambit a *substantial* amount of protected speech." *Id.* "[A] statute should not be found unconstitutional on its face 'where, despite some possibly impermissible application, the remainder of the statute covers a whole range of easily identifiable and constitutionally proscribable conduct.'" *Id.* at 461 n. 6 (quoting *Secretary of State v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 964–65, 104 S.Ct. 2839, 2850–51, 81 L.Ed.2d 786 (1984)).

■ The law is well established that not all classes of speech are subject to first amendment protection. "These include the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of peace." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572, 62 S.Ct. 766, 769, 86 L.Ed. 1031 (1942). *See also State v. John W.*, 418 A.2d 1097, 1101–02 (Me.1980). In *State v. John W.*, we addressed the constitutionality of 17–A M.R.S.A. § 501(2) (1983) (disorderly conduct statute). We noted that "[a]s applied to speech, section 501(2) represents the legislative definition of conduct coming within the fighting-words area of unprotected speech." *State v. John W.*, 418 A.2d at 1101. Similarly, we conclude that the conduct proscribed by the harassment statute fits within the area of unprotected speech. Because the speech proscribed by the harassment statute is unprotected, the statute is facially constitu-

tional. Moreover, as applied to this case, the statute is constitutional. Defendant's conduct, which was known and intended by defendant to harass and torment Mrs. Prue, falls within the language and purpose of the statute.

■ Defendant's remaining constitutional arguments, unpreserved in the courts below, are based on a misunderstanding of the nature of the statutory requirement for a prior warning by a sheriff, deputy sheriff, constable, police officer or notary public. First, defendant contends that the statute is void for vagueness because the proscribed conduct cannot be determined until an authorized person identifies the specific conduct to be avoided. The purpose of the warning is to provide defendant with notice. It is not the notice, however, that defines the proscribed conduct; it is the language of the statute that identifies the proscribed conduct, that is, conduct intended to harass, torment or threaten another. In addition, defendant has not demonstrated that from this language " 'a person of ordinary intelligence' could not 'reasonably understand' that it forbids the conduct for which he is criminally charged" and therefore she has not demonstrated that the statute is unconstitutionally vague. *State v. Gray*, 440 A.2d 1062, 1064 (Me.1982) (quoting *State v. Flick*, 425 A.2d 167, 174 (Me. 1981)).

■ Second, defendant argues that the statute is an unconstitutional delegation of legislative authority because it gives law enforcement officials and notaries public the power to restrict any course of conduct and make it a criminal offense. We need not consider whether this is a legitimate delegation of power, because there is no delegation. The statute does not grant the officials the power to define the criminal conduct proscribed. The statute itself defines the proscribed conduct.

■ Defendant's final constitutional argument is her claim that the statute contravenes her right to due process under article

I, section 6 of the Maine Constitution, which in pertinent part provides: "the accused ... shall not ... be deprived of his life, liberty, property or privileges, but by judgment of his peers or the law of the land." [1] Again misreading the nature of the warning, she argues that a person's conduct can be prohibited permanently by order of a law enforcement officer without any investigation into the merits. The law enforcement official's statement, however, is only notice; it is not a conviction without a trial. If defendant is subsequently charged with harassment, she is afforded all of the protections available to a person charged with a Class E offense. Defendant has not demonstrated that this procedure has deprived her of due process. We therefore decline to vacate either conviction based on any of defendant's constitutional challenges.

### III.

We find insufficient evidence, however, to support the second conviction. One of the elements of harassment that the State must prove is that before engaging in any conduct, with the intent to harass, torment or threaten another, the defendant previously had been forbidden to do so by a sheriff, deputy sheriff, constable, police officer or notary. In this case, the amended complaint stated that the District Court judge who heard the first case was the official who issued the warning.

■ Assuming that the District Court judge was an appropriate official under the statute to issue the warning, a point on which we express no opinion, we find no evidence in the record in the second conviction that he had forbidden defendant from engaging in any course of conduct with the intent to harass, torment, or threaten another person. The only testimony as to the notice provision was: one, Mrs. Prue's testimony that the judge's instructions were "[t]o stay right away from each other. If we see each other, ignore each other;" and two, Ms. Cropley's response of "[r]ight" to

---

1. Defendant also argues that the statute contravenes her due process rights under the fifth amendment of the United States Constitution.

the State's question "do you agree that when you were here on September 17th, 1986, [the] Judge ... told both you and Kenna to stay away from one another." The testimony that the trial judge told defendant and Mrs. Prue to stay away from each other is not sufficient to prove a warning in conformity with the statute. Because the State failed to prove this element, the District Court erred in finding defendant guilty on the second offense of harassment and we therefore vacate the second conviction.

Because we vacate the second conviction, we need not address the remaining issues concerning the second conviction and the sentence therefor. In addition, because the sentence on the first conviction was so interrelated with the second, we vacate that sentence and remand for resentencing by a different District Court judge. *See State v. Bunker*, 436 A.2d 413, 419 (Me. 1981).

The entry is:

Judgment of first conviction affirmed. Judgment of second conviction vacated. Sentence on first conviction vacated. Remanded to Superior Court with instructions to remand to the District Court for resentencing on the first conviction consistent with the opinion herein.

All concurring.