**STATE of Maine**

v.

**David HILLS.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 8, 1990.

Decided May 23, 1990.

William Anderson, Dist. Atty., David Spencer, Greg N. Dorr, Asst. Dist. Attys., Wiscasset, for plaintiff.

Lisa Tavenner, Tavenner & Tavenner, Boothbay Harbor, for defendant.

Before ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

WATHEN, Justice.

Defendant David Hills appeals from an order of the Superior Court (Lincoln County; *Cole, J.*) affirming two District Court (Wiscasset; *Gaulin, J.*) convictions for violating orders prohibiting harassment pursuant to 5 M.R.S.A. § 4659 (1989). On appeal, defendant contends that the orders are unconstitutionally vague and that there was insufficient evidence to sustain the

convictions. Finding no error, we affirm the Superior Court.

The testimony presented at trial may be summarized as follows: Defendant was employed as a security guard at Maine Yankee Power Plant in Wiscasset for approximately six months in 1987. He was dismissed from this position because of two co-workers' complaints of harassment and violent threats. One of his co-workers, Debra Penniman, testified that about a month after he started working at Maine Yankee she refused to date defendant and he began harassing her by following her home at night. She stated that defendant told her that it was a "game" to him, and the more upset she got the more he persisted. Another co-worker, Russell Shea, testified that after he reported defendant's threats to his supervisors and defendant was dismissed as a result, defendant harassed him at his house in the middle of the night and telephoned his employer. There was further testimony by Shea and another witness that defendant had stated he often fantasized about shooting into crowds, that he did not care if he lived or died and that he wanted "to take his friends with him." Following his dismissal, defendant had once before appeared at Maine Yankee. On that occasion, he presented himself with an employee badge pinned to his naked chest and claimed that he had been called to come to work. Subsequently, these two co-workers, who were also security guards, obtained orders for protection from harassment against defendant. The orders prohibited defendant from: 1) "threatening, assaulting, molesting, attacking, harassing or otherwise abusing the plaintiff[s];" 2) "going upon the premises of the plaintiff[s'] residence;" and 3) "interfering with plaintiff[s'] property."

On April 13, 1989, defendant went to Maine Yankee, ostensibly to take a visitor's tour. On that day, a security guards' meeting was scheduled to be held in a conference room adjacent to the visitors' area. As a result of this meeting, Penniman and Shea were in a public area rather than in their normal work area which is closed to the public. There was evidence that defendant knew from an inside source that the security guards' meeting was scheduled to be held at the time that he took the visitors' tour. Defendant encountered both Penniman and Shea while at Maine Yankee. Defendant did not speak to either Penniman and Shea at this time, but he did make eye contact with both of them. Both Penniman and Shea testified that the encounter made them afraid and "concerned for their safety." As a result of this incident, defendant was arrested for violating the protection from harassment orders. Defendant argues that, because the order did not specifically prohibit him from entering a section of Maine Yankee open to the public at large, he did not have fair warning that doing so would constitute a violation. Defendant's argument lacks merit.

 We note at the outset that it is the statute which defines the proscribed conduct; the purpose of the order is only to provide defendant with notice. *State v. Cropley*, 544 A.2d 302, 305 (Me.1988). Therefore, defendant's challenge of vagueness correctly pertains to the statute, not to the order.

> A criminal statute is unconstitutionally vague if it fails to give fair warning of its scope, in accordance with due process requirements, and it fails to give fair warning if "a person of ordinary intelligence" could not "reasonably understand" that it forbids the conduct for which he is criminally charged.

*State v. Carisio*, 552 A.2d 23, 25 (Me.1988) (citing *State v. Gray*, 440 A.2d 1062, 1064 (Me.1982)). The sufficiency of the language of the statute is properly tested in the circumstances of the case at bar. *Gray*, 440 A.2d at 1064. Furthermore, it is the individual challenging the statute who bears the burden of overcoming the presumption of its constitutionality. *Cropley*, 544 A.2d at 304.

 In the case at bar, the proscribed conduct with which defendant was charged is harassing Ms. Penniman and Mr. Shea, not entering the visitor's section of Maine Yankee as defendant contends. "Harassment" is defined in pertinent part as "any

repeated act ... directed against any person ... with the *intention* of causing fear or intimidation." 5 M.R.S.A. § 4651(2) (1989) (emphasis added). Although the statute does not specify every possible act of harassment, defendant is protected against an overly broad application of the statute by its requirement that the conscious object of defendant's conduct be to *harass* the complainants. The term "harassment" is a lay term, commonly understood. If defendant intends to harass the complainants by any conduct, then he violates the protection order. The arranged appearance of defendant at Maine Yankee, the known place of employment of both Penniman and Shea, is not, contrary to defendant's arguments, analogous to chance encounters of passing the complaining party on the street or in a park. The question of his intent is a matter of concern for the factfinder. In this instance, the statute provided sufficient notice to defendant that his conduct could result in criminal prosecution.

 Defendant next contends that the evidence was insufficient to convict him of violating the two orders for protection from harassment. He argues that because he only had visual contact with the complainants, there was insufficient evidence to demonstrate that his conduct was either intended to or did in fact cause complainants to be intimidated or fearful. Defendant's argument is unpersuasive.

There was evidence that defendant went to Maine Yankee on April 13th with the express purpose of encountering the complainants in order to harass them and that he succeeded in doing so. A witness testified that defendant told him that he knew about the security guards' meeting on April 13th from an "inside source." Defendant's assertions that he could not control the timing of the tour are irrelevant. The factfinder was entitled to infer defendant took the tour on the day of the meeting in the hopes of encountering one or both of the complainants. Finally, both Penniman and Shea testified that they were afraid of defendant because they felt that he was mentally unbalanced and that seeing him at Maine Yankee scared them. Given the history of their relationship with defendant, their reaction was reasonable and, despite defendant's arguments to the contrary, defendant's presence at complainants' place of employment reasonably could constitute harassment even though he did no more than look at complainants.

Accordingly, there is sufficient evidence from which the District Court judge rationally could conclude that defendant went to Maine Yankee as one of a series of actions intended to frighten and intimidate both Penniman and Shea and that such a reaction was justified. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgments affirmed.

All concurring.