STATE of Maine

v.

Joseph McGILLICUDDY.

Joseph McGILLICUDDY et al.

v.

COMMISSIONER, DEPARTMENT OF AGRICULTURE, FOOD AND RURAL RESOURCES et al.

Supreme Judicial Court of Maine.

Argued June 13, 1994.

Decided July 22, 1994.

Michael E. Carpenter, Atty. Gen., Paul Stern (orally), Asst. Atty. Gen., Augusta, for State.

Candy Gonzales, Houlton, David Lourie (orally), Westbrook, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

In this consolidated case Joseph McGillicuddy appeals two judgments entered in the Superior Court (Aroostook County, *Pierson, J.*) affirming decisions of the District Court (Houlton, *Griffiths, J.*) upholding the constitutionality of warrantless administrative searches of his potato packing house authorized by the Department of Agriculture, Food and Rural Resources' potato inspection program ("branding law") pursuant to 7 M.R.S.A. section 956.[1] McGillicuddy also challenges the Superior Court's order granting the State's motion to transfer the action from Kennebec County to Aroostook County. Because we find no constitutional infirmity with section 956 and no abuse of discretion in

---

1. Title 7 M.R.S.A. §§ 956 (1989 & Supp.1993) provides that the commissioner or a duly authorized representative "shall have free access, ingress and egress to any place ... wherein potatoes are packed, stored, transported, sold, offered or exposed for sale or for transportation. He may ... open any container and may take sam*ples* therefrom." It further provides:

> Any person who refuses or interferes with access by the commissioner or his representative

... following oral request and warning given by the commissioner or his representative ... shall be guilty of a separate civil violation under section 957; provided that oral request and warning ... shall substitute for a first violation under section 957, subsection 1, and any continued refusal or interference shall be subject to the civil penalties as provided in section 957, subsection 2.

*Id.*

the transfer of venue, we affirm the judgments.

■■■ We presume a statute is constitutional and will invalidate it "only if there is a clear showing by 'strong and convincing reasons' that it conflicts with the Constitution." *Opinion of the Justices,* 623 A.2d 1258, 1262 (Me.1993) (citation omitted). *See Nadeau v. State,* 395 A.2d 107, 111 (Me.1978) ("all legislative acts are clothed with an armor of constitutionality particularly resilient where such acts follow a long-settled and well-established practice of the Legislature"). The party challenging the statute bears the burden of overcoming the presumption of constitutionality. *State v. Hills,* 574 A.2d 1357, 1358 (Me.1990).

In *New York v. Burger,* 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987), the Supreme Court sets forth three criteria that must be met by any statute authorizing a warrantless administrative search: (1) "there must be a substantial government interest that informs the regulatory scheme pursuant to which the inspection is made"; (2) the warrantless inspection must be "necessary to further the regulatory scheme"; and (3) "the statute's inspection program, in terms of the certainty and regularity of its application, must provide a constitutionally adequate substitute for a warrant." *Id.* at 702–03, 107 S.Ct. at 2644.

■■■ McGillicuddy does not dispute that the first two prongs of the *Burger* test are met. He contends only that because section 956 lacks adequate safeguards it imbues the inspectors with unbridled discretion. Neither the long, untroubled history of the potato inspection program in Maine nor the inspector's conduct in this case, which followed the guidelines promulgated by the Department, supports such a contention. Moreover, warrantless inspections without prior notice have long been standard in heavily regulated industries. *See Donovan v. Dewey,* 452 U.S. 594, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981) (statute authorizing warrantless inspections of mines without prior notice and fines for refusing such inspections constitutional); *United States v. Dominguez–Prieto,* 923 F.2d 464 (6th Cir.), *cert. denied,* 500 U.S. 936, 111 S.Ct. 2063, 114 L.Ed.2d 468 (1991) (warrant-less search of truck's trailer was constitutional); *State v. Nobles,* 107 N.C.App. 627, 422 S.E.2d 78, 81 (1992) (warrantless inspection of commercial fishing operations met *Burger* criteria); *Commonwealth v. Tart,* 408 Mass. 249, 557 N.E.2d 1123, 1130 (1990) (warrant-less inspection of fishing vessel did not violate state constitution).

The branding law, as a whole, places adequate limits on the inspectors' discretion by limiting the time, place, and manner of the inspections. *See Burger,* 482 U.S. at 711, 107 S.Ct. at 2648; *see Tart v. Commonwealth,* 949 F.2d 490, 498 (1st Cir.1991) (statute's "tersely phrased authorization" to conduct warrantless searches of fishing boats passed constitutional muster because it imported sufficient "implicit limitations"); *cf. See v. City of Seattle,* 387 U.S. 541, 546, 87 S.Ct. 1737, 1741, 18 L.Ed.2d 943 (1967) (Court did not "question such accepted regulatory techniques as licensing programs which require inspections prior to ... marketing a product"). Section 956 provides for random inspections of sample bags wherever potatoes are "packed, stored, transported, sold, offered or exposed for sale." Since potato bags are packed immediately prior to shipment and since the statute's purpose is to ensure the quality of potatoes sold to consumers, inspections are logically restricted to the packing process. The inspection is also limited in scope: inspectors look only at the potatoes being packed to determine compliance with marketing regulations. *See Tart,* 557 N.E.2d at 1129 (fishing inspector's sole purpose was to determine whether vessel had valid permit). Moreover, inspectors are required to comport themselves according to published departmental guidelines. The lack of limits on the frequency of inspections during any given period is not, alone, ground for invalidating the statute, and in fact, furthers the statutory scheme by placing potato packers on notice that any or all of their shipments are subject to inspection. *See Burger,* 482 U.S. at 711 n. 21, 107 S.Ct. at 2648 n. 21. There is nothing in the record that remotely suggests any abuse of discretion on the inspector's part.

For almost sixty years, Maine potato packers have been on notice that their packing

facilities, when operating, are subject to random inspections pursuant to a state regulatory scheme that furthers a substantial governmental interest and whose procedure violates neither the state nor federal constitution. McGillicuddy has not met his burden of proving the statute's unconstitutionality. *Hills,* 574 A.2d at 1358. *See* U.S. Const. amend. IV; Me. Const. art. 1 §§ 4, 5; *Burger,* 482 U.S. at 711, 107 S.Ct. at 2648.

With respect to McGillicuddy's second argument, contrary to his contention, we find no abuse of discretion in the trial court's transfer of venue from Kennebec County to Aroostook County. 14 M.R.S.A.. § 508 (Supp.1993); *Martel v. Inhabitants of the Town of Old Orchard Beach,* 404 A.2d 994, 998 (Me.1979).

The entries are:

In CV–91–31, judgment affirmed.

In CV–91–260, judgment affirmed.