**MAINE REAL ESTATE COMMISSION**

v.

**Kenneth R. JONES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 19, 1996.

Decided Feb. 7, 1996.

Andrew Ketterer, Attorney General, Timothy W. Collier, Assistant Attorney General, Augusta, for Plaintiff.

June A. Jackson, Edmond J. Bearor, Rudman & Winchell, Bangor, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Kenneth Jones appeals from the judgment entered in the Administrative Court (*Beaudoin, C.J.*) denying his petition for review and affirming the decision of the Maine Real Estate Commission finding him in violation of the Maine Real Estate Brokerage License Act, 32 M.R.S.A. §§ 13001–13281 (1988 & Supp.1995), and imposing certain sanctions. Contrary to Jones's contention, we conclude that the Commission's actions did not rise to the level of reversible error substantially prejudicing his rights, and we affirm the judgment.

In February 1994, the Maine Real Estate Commission filed a complaint against Jones, a real estate broker in Dover–Foxcroft, as a result of his involvement in a contract for the sale of land in Brownville. The Commission charged Jones with violating section 13067(1)(A) and (G) of the Act. The Commission alleged that Jones failed to immediately inform his client that buyers under contract to purchase land from the client intended to breach the contract and enter into an agreement with other parties, including Jones himself.

The Commission found Jones in violation of four of the five counts alleged in the complaint. During the penalty phase of their deliberations, at which Jones was present, the commissioners discussed whether Jones should be required to attend an educational course as part of his punishment. At that time, one commissioner referred to a license history document that had been made avail-

able to the commissioners, and noted that Jones had been required to attend an educational course as a result of a previous violation.[1] The document is a brief summation of Jones's license history and was discussed by the Commission only after it had determined that Jones was in violation of the Act. The license history document is prepared for each case by the Commission's Deputy Director, who compiles information that is available from the Commission's files. Although the license history of any licensee is part of the Commission's own records, Jones notes that the document was made available to the commissioners without specific notice being given to him.[2]

The Commission ordered that Jones's real estate brokerage license be suspended for a thirty-day period, that he be fined $5000, and that he successfully complete a course entitled "The Role of the Designated Broker." Pursuant to Jones's request, the Director granted a stay of the Commission's order pending his appeal. The Administrative Court denied his petition for review. This appeal followed.

Jones contends that the Commission's consideration of the document is reversible error that substantially prejudiced his rights. He does not argue that there is no substantial record evidence to support the Commission's conclusion that he violated the Act; rather, Jones contends that the Commission violated his due process rights when it relied on a document that had not been introduced in evidence or made known to Jones.

■ On appeal of an administrative agency's imposition of a penalty, we review the agency's decision directly for an abuse of discretion, errors of law, or findings not supported by the evidence. *Wood v. Superintendent of Ins.*, 638 A.2d 67, 70 (Me.1994). Although administrative agencies must adhere to certain due process guarantees when following hearing procedures, these minimum requirements mean something less than what is demanded by courts but something more than unfettered administrative action. *In re Maine Clean Fuels, Inc.*, 310 A.2d 736, 746 (Me.1973). Such "fundamentals of fair play" are to be determined "from case to case in accordance with differing circumstances." *Maine Clean Fuels*, 310 A.2d at 746 (citations omitted).

■ The mere admission of incompetent evidence by an administrative agency does not relieve the party appealing from the agency's order of his burden to show prejudice resulting therefrom. *In re Ryerson Hill Solid Waste Disposal Site Paris Utility Dist., So. Paris*, 379 A.2d 384, 391 (Me.1977). We have stated previously:

> When ... review of the record reveals reliable, probative evidence in support of the agency findings and conclusions, the fact that irrelevant or incompetent evidence was admitted by the commission does not amount to reversible error.... Only when the agency is shown to have relied upon incompetent evidence to the prejudice of the complaining party can the admission of such evidence require reversal of the agency decision.

*Maine Clean Fuels*, 310 A.2d at 749 (citations omitted).

■ Jones has failed to meet his burden of showing prejudice sufficient to warrant reversal of the Commission's decision. The only reference to the license history in the record occurs when the Commission was considering the sanction, *after* it had deliberated and voted to find Jones guilty of four violations of the Act. Moreover, the reference to the license history occurs in the context of what educational course was to be required as part of the sanction. Jones does not contend that the document is inaccurate, nor does he dispute that the Commission could permissibly have considered such information had it properly been offered in evidence. He instead argues that he was denied the opportunity to counter any possible negative infer-

---

1. The commissioner stated:
   I would point out that we do have before us the license history, and Mr. Jones was found in violation previously and did have a three-hour education requirement imposed, though it was not one of the same sections.

2. The Commission now makes a license history freely available at the hearings, but the document expressly states that commissioners may not consider a licensee's prior discipline in determining whether a violation has occurred in a current matter.

ences arising from his license history by "offering evidence that would mitigate or eliminate any adverse effect...." Jones does not, however, illustrate what such evidence would have been, nor does he show that the Commission actually drew any negative inferences from the document.

The entry is:

Judgment affirmed.

All concurring.