1998 ME 65

Alfred WAXLER

v.

MAINE REAL ESTATE COMMISSION.

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 6, 1998.

Decided March 26, 1998.

Alfred J. Waxler, Portland, for plaintiff.

Andrew Ketterer, Attorney General, David M. Spencer, Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, DANA, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Alfred Waxler appeals from the judgment entered in the Administrative

Court (*Beaudoin, J.*) denying his petition for review and affirming the decision of the Maine Real Estate Commission. The Commission found that he failed to open his real estate agency trust account and records for inspection in violation of 32 M.R.S.A. § 13178 (1988)[1] and failed to allow a general office examination in violation of 32 M.R.S.A. § 13067(1)(F) (1988)[2] and Chapter 320, Section 4 of the Maine Real Estate Commission Rules and Regulations[3] and imposed certain sanctions. Waxler argues in part that the Commission abused its discretion in denying his motion to continue the adjudicatory hearing; that the Director exceeded her authority in seeking an examination of his records; and that the statute and rule permitting examination of records violated his constitutional right to be free from unreasonable searches. Finding no error and no constitutional infirmity, we affirm.

[¶ 2] The facts may be summarized as follows: The Commission received applications for renewal of Waxler's individual and firm real estate licenses, together with a check from his real estate trust account, rather than his regular account, to pay the licensing fees. Waxler contacted the Director to notify the Commission of the mistake. The Director advised him during the conversation that the Commission had discovered the error and would seek to inspect, examine and audit his books. In subsequent communications, Waxler explained that he was taking medication that must have caused confusion so that he refilled his checkbook with the wrong account checks without notic-

ing it. He also indicated that he had corrected the mistake and that he refused to allow the Commission to examine his books. Repeated communications, both in writing and by telephone, transpired between the Director's office and Waxler, in which the Director continued to try to schedule an examination and Waxler continued to refuse to participate. The communications culminated in the commission examiner notifying Waxler of a date and time for the examination at his office, for which he failed to appear.

[¶ 3] The Director then served a complaint and notice of hearing on Waxler seeking an examination of his records and sanctions for his prior refusal to cooperate. Waxler filed a motion for continuance, which was denied by the Chair of the Commission at the beginning of the hearing. The Chair proceeded with the hearing without the presence of Waxler. After hearing, the Commission entered an order finding Waxler in violation of 32 M.R.S.A. § 13178 and in violation of 32 M.R.S.A. § 13067(1)(F) and Chapter 320, Section 4 of the Maine Real Estate Commission Rules and Regulations and imposing sanctions. Waxler filed a request for reconsideration, which, after hearing, was denied by the Commission. He then filed a petition for review. After the Administrative Court affirmed, he appealed to this Court.

[¶ 4] We review an administrative agency's imposition of a penalty directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Maine Real Estate Comm'n v. Jones,* 670 A.2d 1385, 1387

---

1. The statute involves trust accounts and provides in part as follows:

   Every agency shall maintain a trust account or accounts in a banking institution located in the State for the sole purpose of depositing earnest money deposits and all other money held by it as an agency in which its clients or other persons with whom it is dealing have an interest.... *These accounts and records shall be opened for inspection by the director or his authorized representative at the agency's place of business during generally recognized business hours.*

   32 M.R.S.A. § 13178 (1988)(emphasis added).

2. The statute involves sanctions and provides in part as follows:

   1. **Disciplinary sanctions.** After the hearing, the commission shall have the power to impose disciplinary sanctions at any time when a person or entity is found guilty of one or more of the following:

   . . .

   F. Violating any rule promulgated by the commission or any provision of this chapter;

   32 M.R.S.A. § 13067(1)(F) (1988).

3. The Commission rule involves examination of records and provides as follows:

   A real estate brokerage office may be examined for compliance with licensing laws once each licensing period or may be examined upon receipt of prima facie evidence indicating improper use of a real estate trust account. The examiner shall notify the agency of the results of such office examination and may file a complaint.

   Chapter 320, Section 4 of the Maine Real Estate Commission Rules and Regulations.

(Me.1996) (citation omitted). Waxler first argues that the Commission erred in denying his motion to continue because it was unreasonable to expect him to appear at the hearing for which he was requesting a continuance to argue his motion to continue; that his request was reasonable; and that the Director and the Chair improperly participated in ex parte communications concerning the motion to continue. We review the Commission's order denying Waxler's motion to continue for abuse of discretion. *Magno v. Town of Freeport*, 486 A.2d 137, 140 (Me. 1985). The party seeking the continuance has the burden of showing sufficient grounds for granting the motion. *Id.*

■ [¶ 5] Waxler filed a request for continuance for the following reasons: he was on the trailing trial list in the Cumberland County Superior Court and could be called for a trial on one hour's notice; and also he had made plans to attend an auction scheduled the day of the hearing and to bid on a mobile home. The Director responded to Waxler's request for continuance in writing as follows:

> [t]he request for a continuance will be presented to the Chair on April 11th. I would strongly encourage you to present your request in person to answer any questions the Chair may have regarding your request. Should the request for a continuance be denied, the hearing will be conducted as scheduled.

After the Chair of the Commission commenced the hearing at 12:18 p.m. on April 11, by explaining the nature of the hearing, the Chair stated "We'll state for the record that Waxler has mailed or faxed—we received a request for a continuance from him which I chose to deny."

■ [¶ 6] Although Waxler demonstrated that he might be called for trial, he failed to demonstrate that he was in fact being called for trial. He at no point demonstrat-

ed an actual conflict, only a potential conflict. Therefore, the Chair did not abuse his discretion in denying the continuance. Moreover, there is no evidence of ex parte communications [4] between the Chair and the Director. Contrary to Waxler's argument, we do not find that the use of the word "we" by the Chair clearly demonstrates ex parte communication. "We" could also be interpreted to mean the Commission. Moreover, the testimony of the Director after the Chair commenced the hearing and announced his ruling does not constitute ex parte communication because Waxler was given notice of the hearing and failed to appear and participate.

■ [¶ 7] Waxler next argues that the Director exceeded her authority in seeking an examination of his books. Contrary to his arguments, however, 32 M.R.S.A. § 13178 (1988) allows the Director to inspect an agency's trust account and records. The Director was thus acting within her authority when she initially requested an inspection of Waxler's trust account and records. His use of the trust account to pay his license fees put the Director on notice of a violation justifying an inspection. Moreover, subsequent communications with Waxler put the Director on notice of other potential violations of the licensing laws as well. Further, contrary to Waxler's argument, Chapter 320, Section 4 of the Maine Real Estate Commission Rules and Regulations allows inspection for compliance with licensing laws, without cause, once in each licensing period and does not require that all licensees be inspected. Therefore, the Director did not exceed her authority in seeking an examination of his records.

[¶ 8] Waxler next argues, without citing any specific authority, that the examination of his accounts and records violated his constitutional right to be free from unreasonable searches. He challenges the examination because of the discretion given to the Director to determine whose records to examine. He

---

4. The commission rule prohibiting ex parte communication provides in part as follows:

> A member shall not discuss an issue of fact or law concerning a case or pending appeal which comes before the Commission, except with notice and opportunity for participation by all parties. This rule shall not be construed

to limit a discussion that does not relate to the merits of a case, such as scheduling or procedural issues.

Chapter 350, Section 4 of the Maine Real Estate Commission Rules and Regulations; *see also* 5 M.R.S.A. § 9055(1)(1989).

argues that, when the commission fails to inspect each license holder on a regular basis according to a reasonably established easily explainable policy that respects the rights of the license holder, the decision is arbitrary.

[¶ 9] "We presume a statute is constitutional and will invalidate it 'only if there is a clear showing by "strong and convincing reasons" that it conflicts with the Constitution.'" *State v. McGillicuddy,* 646 A.2d 354, 355 (Me.1994) (citations omitted). Statutes providing for "warrantless inspections without prior notice have long been standard in heavily regulated industries." *Id.* Waxler has failed to show any strong and convincing reasons why the inspection provisions of the real estate licensing laws enacted to "ensure that [licensees] meet standards which will promote public understanding and confidence in the business of real estate brokerage," 32 M.R.S.A. § 13061 (1988), would be unconstitutional. Therefore, he has failed to meet his burden of overcoming the presumption of the statute's constitutionality. *State v. McGillicuddy,* 646 A.2d 354, 355 (Me.1994). The remaining arguments are without merit and do not rise to the level of reversible error substantially prejudicing Waxler's rights. *See Maine Real Estate Comm'n v. Jones,* 670 A.2d 1385, 1387 (1996).

The entry is:

Judgment affirmed.