SAUFLEY, C.J., and MEAD, J.,
concurring in part and dissenting in part.
[¶ 58] Because Dell’Olio did not have an opportunity to be heard on the nature of the sanction at a meaningful time, that is, after the findings of violations were entered by the Administrator, we would remand for a hearing on sanctions.
[¶ 59] We concur in full with the Court’s determinations that the process employed was not infected by bias, that the Administrator demonstrated commendable patience at the hearing, that the factual determinations in support of the conclusion that Dell’Olio and the companies violated critical rules are supported in the record, and that the investigation and proceedings were not time-barred. We further concur in the Court’s delineation of the considerations that must be taken into account in determining the appropriate sanction in this type of licensing proceeding.
[¶ 60] Because we would conclude, however, that the process employed in the administrative proceeding should have included an opportunity for additional briefing or argument on sanctions after the determination that violations had occurred, we would remand this matter for further consideration of the sanction to be imposed.
[¶ 61] “If the administrator finds that the order is in the public interest and subsection 4 authorizes the action, an order issued under this chapter may revoke, suspend, condition or limit the license of a licensee.” 32 M.R.S. § 16412(2) (2013). Before entering such a disciplinary order, the Administrator must provide “[a]ppro-priate notice to the applicant or licensee,” afford an “[o]pportunity for hearing,” and reach “[fjindings of fact and conclusions of law in a record in accordance with Title 5, chapter 375 [the Maine Administrative Procedure Act].” 32 M.R.S. § 16412(7) (2013); see also 5 M.R.S. §§ 9051-9064 (2013) (governing administrative agencies’ adjudicatory proceedings).
[¶ 62] The process established through the typical procedural rulings did not afford an opportunity for the licensee to be heard after the findings were entered. We *351 recognize that the relevant statutes do not require the Administrator to allow additional written or oral argument before determining a penalty. We further note that Dell’Olio and his companies did not request such additional process or argue on appeal that it is required.[15] Nonetheless, reviewing the imposition of the penalty for errors of law, see Me. Real Estate Comm’n v. Jones, 670 A.2d 1385, 1887 (Me.1996), we would conclude that the process provided in these particular circumstances was lacking because it deprived Dell’Olio of the opportunity to be heard “at a meaningful time and in a meaningful manner,” Kirkpatrick v. City of Bangor, 1999 ME 73, ¶ 15, 728 A.2d 1268 (quotation marks omitted).
[¶ 63] The Legislature itself has recognized that a full revocation of a professional license is a very serious sanction. Accordingly, in some administrative proceedings, when the ultimate sanction of a revocation has been imposed after an administrative hearing, the licensee has a right to a de novo hearing in a court. See, e.g., Zablotny v. State Bd. of Nursing, 2014 ME 46, ¶¶ 27-29, 89 A.3d 143 (construing 10 M.R.S. § 8003(5) (2013)). Here, there is no such additional process allowed by law. Therefore, unless the Administrator allows the licensee to be heard after entry of findings on the alleged violations, the licensee is left without a timely, meaningful opportunity to be heard on the sanctions. See Kirkpatrick, 1999 ME 73, ¶ 15, 728 A.2d 1268.
[¶ 64] The process employed here is akin to requiring a person who has been charged with multiple criminal offenses to make his sentencing arguments before the jury or fact-finder has determined what charges were proved. We would conclude that, when a person’s very livelihood is at stake, the Administrator should; consistent with best practices, provide a meaningful opportunity to be heard on the proposed sanctions after entry of the findings of violations. Accordingly, before reviewing the sanction of revocation on appeal, we would remand this matter for additional written or oral argument and findings on the issue of sanctions.

. Dell'Olio and the companies did argue in their reply brief on appeal that the notice of intent failed to allege what untruthful statements Dell’Olio made before the notice was issued.